## MASSER v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads:** TRESPASSER ON TRACK: WHO IS. One who without license walks or stops to play or lounge upon the track of a railway is a trespasser.

2. **Railroads:** INJURY TO BOY PLAYING ON TRACK: CONTRIBUTORY NEGLIGENCE: TENDER YEARS. A boy eleven years of age is not of such tender years as not to be chargeable with negligence in playing and lounging upon the right of way and track of a railroad.

3. ———: INJURY TO TRESPASSER ON TRACK: CONTRIBUTORY NEGLIGENCE: COMPANY'S LIABILITY. Where one who is trespassing on the track of a railroad company is struck and injured by a passing train, he cannot recover on account of any negligence of the company, except negligence of its employes in not trying to avoid the injury after discovering the danger. *Morris v. Chicago, B. & Q. R'y Co.*, 45 Iowa, 29, followed.

4. ———: DUTY TO TRESPASSERS ON TRACK. A locomotive engineer is not bound to look out for trespassers upon the track of a railroad. See cases cited in opinion.

*Appeal from Polk Circuit Court.*

WEDNESDAY, APRIL 21.

THIS action was brought by the plaintiff, A. Masser, as administrator of the estate of his son Walter Masser, who was accidentally killed by one of the defendant's trains. The plaintiff averred in his petition that the defendant was guilty of negligence in causing the death of his intestate, and the action is brought to recover damages for the injury. There was a trial to a jury, and verdict was rendered for the defendant. The plaintiff filed a motion for a new trial, based upon alleged error in the giving of each of seven instructions, and in the refusal to give each of twelve instructions, and upon several other grounds so numerous and so general that we cannot set out all the precise errors relied upon. The court sustained the motion upon three grounds, to-wit, the giving of three instructions, numbered six, eight and nine, and overruled the motion as to the other grounds. The

defendant appeals from the ruling sustaining the motion, and the plaintiff appeals from the ruling in not sustaining the motion upon each of eleven other grounds. The defendant perfected its appeal first, and is denominated appellant.

*Wright, Cummins & Wright,* for appellant.

*Baylies & Baylies,* for appellee.

ADAMS, CH. J.—The plaintiff's intestate was, at the time he was killed, between eleven and twelve years of age. He and another boy had gone, without business or excuse, upon the defendant's right of way, at a point which was within the limits of the city of Des Moines, but about a half a mile west of any street of the city crossed by the road. The track at that point was fenced on both sides, and to a considerable distance eastward towards the inhabited part of the city. The track of the Fort Dodge Railroad ran, at that point, nearly parallel with the defendant's track, and about twelve feet therefrom. The boys had stationed themselves near a hand-car between the two tracks, and, while playing or lounging there, a train from the west passed on the Fort Dodge road, running at a high rate of speed, and so near to the boys that they became enveloped with smoke and cinders. The deceased seems to have become partially blinded by the smoke and cinders, and was probably somewhat confused. He commenced rubbing his eyes and stepping backward towards the defendant's track, and finally stepped across the rail to near the middle of the track. Unluckily, one of the defendant's trains was approaching from the west on the track, and while the deceased was standing between the rails it struck him and killed him. An ordinance of the city of Des Moines prohibited trains from running within the city limits at a speed greater than six miles an hour. The defendant's train appears to have been running about twenty-five miles an hour.

The defendant contends that the instructions held by the

court to be erroneous, and on account of which a new trial was granted, were in fact not erroneous; and, moreover, that if they were the verdict could not properly have been otherwise than for the defendant, under the undisputed evidence, and so the plaintiff was not prejudiced.

It is undisputed that the deceased was a trespasser on the defendant's track, unless he was there by the license of the defendant. The plaintiff contends that he was there by such license. The defendant denies that he was there by license, and moreover it contends

1. RAIL-
ROADS: tres-
passer on
track: who
is.

that, if he were, the defendant would not be liable for negligence unless it was guilty of willful or wanton negligence. The evidence tended to show that the track, at that point, was traveled to some extent by footmen, and that there had been such an amount of travel as to make a path. But we think it fails entirely to show any license on the part of the company. If the travel had been at a point where the defendant's employes were stationed, and it were shown that the footmen occupied the track without their dissent, it may be that the company's assent should be implied. But the company was not bound to station any one at the point in question for the purpose of warning footmen off, nor can we see that the company did or omitted to do anything which should be construed into an assent that footmen should occupy the track. To justify a court or jury in finding that the general public had acquired a right to occupy the defendant's track, and that a duty had thereby become imposed upon it to run its trains with reference to their safety, certainly something more should be shown than is shown in this case. There is probably more or less walking upon railroad tracks everywhere, and in most places the companies are powerless to prevent it. The general rule that persons walking on a railroad track, or so near as to receive injury, are guilty of carelessness, is a healthy rule, and the practice of walking on them is not to be protected and encouraged by frittering the rule away.

The deceased, then, was a trespasser, at least in the sense that he was upon another's premises where he had no right to be; and being a trespasser, he was guilty of contributory negligence, unless he was a person of such tender years that he should be presumed to have such lack of discretion as to relieve his act of the character of negligence. The plaintiff contends that he was of such tender years; that he should have been so presumed, or at least that the jury would have been justified in so finding. But we think otherwise. A boy eleven years of age knows, as well as an adult does, what a railroad is, and the use to which it is put, and the consequence to a person who should be struck by a passing train, and knows that he should not stop to play or lounge amid a net-work of tracks. It is true that a boy of that age cannot be presumed to have the judgment of an adult; but it does not require much judgment to keep from walking in a dangerous place, the dangers of which are fully understood. If the question was as to whether the deceased was guilty of contributory negligence in the mere act of stepping backward upon the defendant's track when the Fort Dodge train passed, the case would be different. The deceased evidently lost his presence of mind somewhat, and he might not have been guilty of negligence in what he did then, even though he did not govern himself with the prudence which might reasonably have been expected of an adult. But his negligence consisted in going, in the outset, and in remaining, where he incurred the danger of losing his presence of mind. We certainly cannot hold that a boy eleven years old is exercising reasonable prudence in making such a place as that to which the deceased and his companion went a play-ground or lounging place, nor that a jury would be justified in so finding.

We have, then, the case of a person who has sustained injury while trespassing upon another's premises, and who, in

*2. RAILROADS: injury to boy playing on track: contributory negligence: tender years.*

3. ——*——: injury to trespasser on track: contributory negligence: company's liability.

so doing, carelessly exposed himself to danger of the very injury which he sustained. The case is clearly one of contributory negligence, and no recovery can be allowed, notwithstanding the defendant's negligence, if any, unless its employes in control of the train were guilty of negligence after they became aware of the deceased's exposure. It was their duty, of course, upon discovering the deceased upon or near their track, to give warning, and stop the train as soon as possible; and, if the train might have been stopped after such discovery, the defendant doubtless was liable. *Morris v. Chicago, B. & Q. R'y Co.*, 45 Iowa, 29. The plaintiff contends that the train might have been stopped after such discovery, but the undisputed evidence shows otherwise. The locomotive engineer testified in these words : "When I first saw the boy, he was about at the end of the ties, and seemed to be staggering back up onto our track. My engine was about three car lengths from him. I immediately blew the whistle, and applied the brakes, and reversed my engine, in that order. The whistle was sounded and the air-brake applied about the same time. I reached for the brake with one hand, and the whistle with the other. The steam was shut off before I saw the boy. No power on earth could stop that train before reaching the boy." We discover no evidence which has any tendency to conflict with this. We may say, further, that the undisputed evidence shows that the train could not have been stopped in that distance, even if it had been running at a speed not greater than six miles an hour.

But the plaintiff contends that the boy might and should have been discovered sooner. It seems not improbable that

4. ——: duty to trespassers on track.

he might have been discovered a little sooner, but no locomotive engineer is bound to watch out for trespassers upon the track. The company does not owe trespassers that kind of care. This has been settled by repeated adjudications. *Gaynor v. Old Colony R'y Co.*, 100 Mass.,

214; *Illinois Central R'y Co. v. Godfrey*, 71 Ill., 500; *McLaren v. Indianapolis & V. R'y Co.*, 83 Ind., 319; S. C., 8 Amer. & Eng. R. Cas., 217; *Baltimore & O. R. Co. v. State*, 62 Md., 479, S. C., 19 Amer. & Eng. R. Cas., 83; *Railroad Co. v. Houston*, 95 U. S., 702.

The defendant contends that it was not guilty of negligence, even in the matter of the speed of its train. It admits that the speed exceeded the rate allowed by ordinance, but contends that the ordinance was unreasonable, and therefore void in its application to the place where the accident occurred. It relies upon *Meyers v. Chicago, R. I. & P. R'y Co.*, 57 Iowa, 555. But, in the view which we have taken of the case, we do not find it necessary to determine this question. We hold that under the undisputed evidence the deceased was guilty of contributory negligence, and that such negligence precludes the plaintiff from setting up any negligence of the defendant prior to the time the deceased was discovered by the defendant's employes; and upon the question of negligence of the defendant afterwards, the undisputed evidence shows that there was none.

As to whether all the instructions given by the court were correct we need to express no opinion. Some of us are inclined to think that instructions were given which could not be sustained if the case were one which called for a ruling upon them; but, under the undisputed evidence, the verdict could not properly have been otherwise than for the defendant. If, then, there was error in the instructions, it was without prejudice, and the verdict should have been allowed to stand.

REVERSED.