OSCAR BAKER, AN INFANT, BY JAMES H. BAKER, HIS NEXT FRIEND, v. THE FLINT & PERE MARQUETTE RAILROAD COMPANY.

*Negligence—Injury to infant—Contributory negligence.*

1. The *right* of a child to cross a railroad track is accompanied with the duty to use *reasonable* and at least *ordinary* care in so doing, his age, experience, and intelligence being taken into consideration with the other circumstances existing at time of his injury; and if, after a proper consideration of *these* things, the jury shall find that the child had sufficient intelligence—and experience if that shall be found necessary—to know of the danger, of the signals and the warnings against it, and the manner in which an injury might be produced by a failure to observe such signals and warnings, they are warranted in considering the question of contributory negligence; and if they find that the accident occurred by reason of the failure of the child to observe such warnings and signals and indications of danger, and of his neglect of the duty thereby imposed upon him to avoid the danger, and injury ensues, his negligence will be such as to prevent a recovery therefor.

2. *Ordinary care* has relation to the situation and condition of the parties, and varies according to the exigencies which require vigilence and attention, and, when contributory negligence is

sought to be attributed to a child, he can only be held to that degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence, and judgment.

3. In a suit for injuries to a child by a railroad train, where his contributory negligence is a question for the jury under the evidence, it is the province of the jury to judge of his capacity and ability, and the manner in which he used the same on the occasion when the accident occurred, and whether he was of sufficient age and judgment to have used them otherwise, so as to have avoided the calamity which overtook him.

4. Under the testimony in this case, the action of the court in leaving it for the jury to say whether or not the evidence satisfied them that the plaintiff had such judgment and compresion as enabled him to appreciate the danger he incurred, and subject him to the consequences of negligence if he failed to use his reason and senses in seeking to avoid it, is sustained.

Error to Bay. (Gage, J., presiding.) Argued November 10, 1887. Decided January 5, 1888.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William L. Webber* (*Wisner & Draper*, of counsel), for appellant.

*W. C. Green* (*J. E. Simonson*, of counsel), for plaintiff.

SHERWOOD, C. J. The plaintiff in this case, a boy seven years and three months old, brings this action to recover damages for personal injuries received by him from being run over by the defendant's train of cars on the evening of the fifth day of November, 1886, at Eleventh street, in Bay City, whereby he was seriously injured, and from the effects of which amputation of one of his legs became necessary.

The cause was tried in the Bay circuit court, and the plaintiff recovered a verdict and judgment for the sum of $5,000 damages. The defendant brings error.

The defendant's road enters Bay City near its most southern limit, and runs in a northerly direction, through

the central portion of the city, several miles, to its northern boundary.

The train doing the injury was going north, and in passing from Twenty-third street to Thirteenth street the road runs due north on James street. Leaving Thirteenth street on a curve to the east, and running about 100 feet, the track enters Jefferson street, passing within three or four feet of the north-west corner of it and Twelfth street, still curving to the east until it reaches a point about 100 feet south of the north line of Eleventh street, the place where the plaintiff, in crossing the track, was struck by the train and injured. There is a depot here, where all passenger trains make short stops, but the principal depot of the company in the city is about 3,200 feet further north on Jefferson street. On either side of the track there were buildings, fences, and structures of various kinds, and also trees between Eleventh and Twelfth streets. From the point where the boy was struck, in Eleventh street, the train could be seen crossing Twelfth street,— a distance of over 400 feet.

This is a sufficient statement of the surroundings for the further consideration of the case.

There was testimony showing that the boy was a bright, active, intelligent lad for one of his age. This was among the five special findings of the jury, which are given in the record, as follows:

" Q. Do you find from the evidence that the train was in sight for a distance of 400 feet, being when it was crossing Twelfth street, before it reached the place of the accident; and that it could be seen approaching the whole of that distance from any point between the south-east corner of the depot platform and the main track at the place where the accident occurred?

" A. We will answer that, for ourselves, we can see the engine as it approaches the intersection of Twelfth street and said railroad track.

" Q. Do you find from the evidence that the plaintiff was a bright, active, intelligent boy at the time he was injured?

"*A.* Yes; as an ordinary boy.

"*Q.* Do you find from the evidence that the plaintiff had sufficient intelligence to know that it was dangerous to run upon or across a railroad track in front of an approaching train?

"*A.* Yes; between Eleventh and Twelfth streets.

"*Q.* Do you find from the evidence that plaintiff saw the train approaching before he went upon the track?

"*A.* No.

"*Q.* If you answer 'No' to the fourth, then do you find from the evidence that plaintiff could have seen the train if he had looked in the direction from which it was coming before he ran upon the track?

"*A.* Yes; between Eleventh and Twelfth streets."

The declaration contains two counts. The first count charges the defendant with negligence in running its train faster than six miles per hour, contrary to a by-law of Bay City, and that it is therefore liable; and the second count charges the defendant with negligence in running its train at the time the boy was injured at an unusual and dangerous rate of speed, by which the plaintiff was injured, while he himself was using due care in crossing the track at Eleventh street; so that it will be seen that the only negligence charged against the defendant in either count of the declaration was running its train at too high a rate of speed.

The testimony shows, and it is not controverted, that the plaintiff had been playing about the depot and track, some little time before the train came in, with two other boys, and that the boy, in his play, with the others, had, but a short time before he was injured, crossed the track at the same place, and that, at the time the train struck him, the two boys with him had just crossed the track, and he was running when crossing it to catch up with his young comrades in their play; that he did not look for the train, or in the direction from which it was coming, neither did he hear any signals of its approach until it struck him; that he knew the cars would hurt him, and tried to get back off the track, but failed, before he was injured; and that he could have seen the

train at Twelfth street if he had looked, and if he had seen the train he would not have gone upon the track. This was the uncontradicted evidence, given by the boy, most favorable to the defendant.

There is no question but that it was this boy's right to cross the railroad track at any time when he would not be injured by teams, wagons, cars, or other things going upon or across the street; and this right is accompanied with the duty to use reasonable and at least ordinary care on the part of the child,—his age, experience, and intelligence being taken into consideration with the other circumstances existing at the time the accident occurred.

If, when these things have all been properly considered by the jury, they shall find that the child has sufficient intelligence (and experience, if it shall be found necessary) to know of the danger, of the signals and warnings against it, and the manner in which an injury may be produced by failure to observe such signals and warnings, they are then warranted in taking the subject of contributory negligence under consideration; and when the child has been injured by a failure to observe such warnings, signals, and indications of danger, and neglected the duty they impose upon him to avoid the danger, and injury ensues, his negligence will be such as to prevent a recovery therefor. This I understand to be the rule in this Court, as settled by our own authorities, as well as by decisions in other states. *Railway Co. v. Bohn*, 27 Mich. 503; *Daniels v. Clegg*, 28 Id. 40; *Hassenyer v. Railroad Co.*, 48 Id. 209 (12 N. W. Rep. 155); *Powers v. Harlow*, 53 Id. 515 (19 N. W. Rep. 257); *Hargreaves v. Deacon*, 25 Id. 1; *Railway Co. v. Smith*, 46 Id. 504 (9 N. W. Rep. 830); *Downey v. Hendrie*, 46 Id. 501 (9 N. W. Rep. 828); *Ecliff v. Railway Co.*, 64 Id. 196 (31 N. W. Rep. 180); *Coops v. Railway Co.*, 66 Id. 448 (33 N. W. Rep. 541).

Ordinary care has relation to the situation and condition of the parties, and varies according to the exigencies which

require vigilance and attention, and, when contributory negligence is sought to be attributed to a child, the child can only be held to that degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence, and judgment. *McGovern v. Railroad Co.*, 67 N. Y. 417; *Powers v. Harlow,* 53 Mich. 515 (19 N. W. Rep. 257).

When the testimony in the case was closed, counsel for the defendant asked the court to charge:

" 1. Under the pleadings and proofs in this case, the plaintiff has failed to make a case. The verdict must therefore be for defendant."

" 3. the plaintiff has failed to show that he was free from negligence which contributed to the accident. The verdict therefore must be for defendant.

" 4. There is no evidence in the case tending to show that plaintiff was not careless or negligent in attempting to cross ahead of an approaching train, which was in plain sight. The verdict must therefore be for the defendant.

" 5. There is no evidence in the case which would warrant the jury in finding that plaintiff did not know the danger of crossing the track ahead of an approaching train.

" 6. Under the evidence in the case, the jury must find that the plaintiff was of sufficient age and intelligence to understand the danger of attempting to cross the track ahead of an approaching train; and that, so understanding, he made the attempt, either thoughtlessly or carelessly, without seeing the train, or because he thought he could get over before the train reached him. These facts preclude a recovery, and your verdict must be for the defendant."

" 8. It is undisputed, and you must find as a fact, that the train which run over the plaintiff could be seen from any point east of the depot platform, and the place where the accident occurred, 400 feet from the place of the collision, and all the way from Twelfth street, and was in plain sight the whole of that distance; that the plaintiff knew that to be in the way of a moving train was dangerous; that he knew he was about to cross the railroad and that it was a place of danger. It was therefore his duty, before going upon the track, to look and listen, to ascertain whether or not a train was approaching, and, if he did not, such omission was negligence, and precludes a recovery; and if he did look, and

saw the train coming, and undertook to cross ahead of it, and was injured, such conduct was negligence, and prevents a recovery by plaintiff."

These six requests present all the exceptions in the case. It will be noticed that, if the first request should have been granted, no others need be considered. This request requires an examination of all the testimony in the case which is undisputed. In addition to what has been hereinbefore stated, it thus appears that the plaintiff did not know that there was any train due at that time, and heard none of the signals, and was in no manner aware of the approach of the train; that he was used to being about the cars, and playing about them, and near the track, and, without the knowledge of the conductors, had occasionally caught on the cars and rode to the depot in the city; and we must also have regard, to some extent, to the facts found by the jury in the case, viz.:

"That the train could be seen at a distance of more than 400 feet before reaching the place where the accident occurred; that plaintiff was an ordinarily bright, active, intelligent boy; that he knew it was dangerous to attempt to cross in front of an approaching train; that he did not see the train, but could and would have seen it before going upon the track if he had looked in the direction from which it was coming."

When we have considered them all, I do not think the case was one wherein the court should have directed the verdict. It was still left for the jury to say, under proper instructions from the court, whether or not the evidence satisfied them that this lad had such judgment and such comprehension as enabled him to appreciate the danger, and subject him to the consequences of negligence if he failed to use his reason and senses in efforts to avoid it. This question, I think, clearly remained for the jury to pass upon, and they have done so.

There was no error in refusing the first request, and this

ruling disposes of the defendant's third request in the same way.

The jury had the plaintiff before them. He was sworn in the case, and subjected to a long examination, both on direct and cross. This furnished the jury with additional evidence of his capacity, his intelligence, reason, and judgment. His carelessness depended entirely upon his ability to use these; and I think the defendant's fourth request went too far when it asked the jury to find that there was no evidence before the jury tending to show plaintiff was not guilty of negligence. They certainly had their own observation to aid them upon this subject. There was no error in the refusal of this request.

The defendant's eighth request has this fault: It makes the court judge of the capacity and ability of the plaintiff, and the manner in which he used the same on the occasion when the injury occurred, and whether he was of sufficient age and judgment to have used them otherwise, so as to have avoided the calamity which overtook him. This, under all the circumstances was the province of the jury, and there was no error in allowing them to pass upon the question.

Upon the points raised by the defendant's counsel upon this record, we have examined with care the charge of the court, and have been impressed with its clearness and fairness, and, however much we might have felt inclined to differ with the jury as to the verdict rendered, we fail to discover any action on the part of the court which could have possibly misled them.

Finding no error in the record, the judgment will be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.