STATE OF MARYLAND, use of MARGARET E. RICKETTS,
by her next friend, GREENBURY C. BECKWITH *vs.*
BALTIMORE AND OHIO RAILROAD COMPANY.

*Railroad company—Killing of person Walking on the
Track— Contributory negligence— Engine running back-
ward—Person Wrongfully on the Track—Gross negli-
gence—Reasonable care by Railroad employés to Avoid
collision, after Discovery of Person in Peril.*

A person walking on a railroad track in the open country, where
the road was straight, and the view entirely unobstructed in both
directions for a distance of nearly a mile, was struck in the rear
by an engine and tender of the defendant, running backward,
and killed. No bell was rung or signal given by the approach-
ing train. The wind was, at the time of the accident, blowing
from the south-east, the direction in which the deceased was
walking. HELD:

That the deceased could not have been run down by the train if he
had been watchful, and had used his senses for his protection;
and in the absence of all evidence to show that the presence of
the deceased on the track was known to any of the employés
on the train until after the accident had occurred, a verdict for
the defendant was properly entered.

The running backward of an engine and tender on a track through
the country, where people are not expected, and have no right,
to be on the track of the road, cannot be regarded of itself as an
act of negligence.

The servants of a railroad company are under no obligation of
duty to keep a look-out for the protection of a person wrongfully
on the track; but, having voluntarily put himself in a place of
danger and peril to his life, he is bound to use his senses as the
means of avoiding injury.

A person who, as matter of convenience to himself, walks along
a railroad track as upon a common highway or footway, without
observing the precaution of constant watchfulness for the ap-
proach of trains, is guilty of negligence of the grossest nature,

and such as will defeat all right of recovery for injury sustained, if such negligence is a direct contributory cause; except where there has been a want of reasonable care, under the circumstances, by the employés of the company, to avoid the injury, after becoming aware of the perilous situation of the party injured.

The fact that a person is wrongfully on a railroad track, will not relieve the employés of the company in charge of a train, from the duty of using reasonable care to avoid collision; but that duty only arises from the time that the person is discovered by such employés to be in peril.

APPEAL from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J.

*Richard R. Beall*, and *James Dawson*, for the appellant.

*John K. Cowen*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The single question in this case is, whether, upon the evidence, there was a sufficient case made to require the Court to refer it to the jury for their conclusion. No testimony was given except that upon the part of the plaintiff; and, upon that testimony, the Court was asked to instruct the jury, that the negligence of the deceased, *directly contributed* to his death, and the verdict should therefore be for the defendant. This instruction was given, and in giving it we think the Court committed no error.

The accident happened on the 20th of January, 1887, on the Metropolitan Branch of the Baltimore and Ohio

Railroad, about midway between the Washington Grove and Denwood Stations, on that branch of the road. It was not at a crossing, but in the open country where, as the witness states, "the railroad is perfectly straight, and the view in either direction is unobstructed for a distance of from three-quarters of a mile to a mile." There were two witnesses who testified for the plaintiff, as to the circumstances of the accident. The first, Beall, testified that he saw the deceased going towards Denwood Station, walking on the ends of the ties of the railroad, outside of the rails; "that when he first saw the man no train of cars was in sight, but immediately thereafter the Gaithersburg train came in view, running at a high rate of speed, and struck the man in the rear, who was then and there instantly killed; that the train continued on its way without stopping, and that the train men could have seen this man or any one on the track for at least three-quarters of a mile in a straight line before the point was reached where the man was killed. The wind was, at the time, blowing from the southeast, the direction in which the man was walking. The train was running with the tender in front of the engine, and witness saw no pilot on the tender, and heard no whistle blown or bell rung, or signal given." The other witness, Williams, testified that he was walking on the railroad track, on the occasion when the accident occurred, driving a horse attached to a dump car on a tramway alongside the railroad, and which dump car made a good deal of noise; "and that he was warned of the approach of the train by the vibration of the rails in time to escape permanent injury, and to secure his horse. That he was at first walking slightly behind the man, (the deceased,) but, at the time of the collision, he was three or four ties in advance of him; and that he did not hear any bell rung, whistle blown, or signal given."

There was also proof given to show that the deceased was a little hard of hearing; but this fact was wholly immaterial, unless it was shown that the servants of the appellee in charge of the train knew the fact of such infirmity, and that they recognized the deceased on the track in time to save him, by the use of reasonable care.

The fact that the engine and tender were running backward, on a track through the country, where people were not expected, and had no right, to be on the track of the road, cannot be regarded of itself as an act of negligence. The necessities of railroad operation may require such mode of moving trains, under special circumstances; and we all know it is constantly done upon all the roads of the country. *Sullivan vs. Penn. R. Co.*, (*Pa.*) 7 *Atl. Rep.*, 177; 2 *Shear. & Redf. on Neg.*, sec. 471. But even conceding such movement of the train to be negligent, the question is, did it relieve the deceased of the consequences of his negligence in being unlawfully upon the appellee's railroad track, and his failure to use his senses to guard him against danger?

It is undisputed that the right of way, where the accident occurred, was the exclusive property of the railroad company, and, consequently, no person, without authority, had a right to be on the track, or to use it as a footway. The deceased, therefore, was a trespasser on the track, and was only entitled to such protection as a trespasser could rightfully claim. Being on the track wrongfully, the servants of the railroad company were under no obligation of duty to keep a look-out for his protection; but having voluntarily put himself in a place of danger and of peril to his life, he was bound to use his senses as the means of avoiding injury. Before a person attempts to cross a railroad track, he is required to look and listen for approaching trains, and his failure to observe this pre-

caution is treated by the law as culpable negligence, and he enters upon the track at his peril. *Md. Cent. R. Co. vs. Neubeur*, 62 *Md.*, 391; *Railroad Co. vs. Houston*, 95 *U. S.*, 697. But with how much greater force does the rule apply to a person who enters upon a railroad track, and, as matter of convenience to himself, walks along the track as upon a common highway, or footway, without observing the precaution of constant watchfulness for the approach of trains? In such case the failure to use his senses cannot be otherwise characterised than negligence of the grossest nature, and such as will defeat all right of recovery for injury sustained, if such negligence is a direct contributing cause; except, indeed, where there has been a want of reasonable care, under the circumstances, by the employés of the company to avoid the injury after becoming aware of the perilous situation of the party injured. This is now the well established rule, by a great number of cases upon the subject, and we need only refer to the cases of *State, use of Bacon vs. Balt. & Potomac Railroad Co.*, 58 *Md.*, 484; *Phil. & Read. R. Co. vs. Hummell*, 44 *Penn. St.*, 375; *Ill. Cent. R. Co. vs. Godfrey*, 71 *Ill.*, 500; *Louisville, N. A. & C. Railroad Co. vs. Phillips*, 112 *Ind.*, 59; *Railroad Co. vs. Hedges*, (*Ind.*) 3 *West. Rep.*, 892; *Barstow vs. Old Colony R. Co.* (*Mass.*) 3 *N. Eng. Rep.*, 747; *Masser vs. Chicago, &c., Railroad Co.*, 68 *Iowa*, 602. Here it is not pretended that there was any difficulty in seeing the approach of the train, if the party had been at all watchful for it; for it is shown by the witness for the plaintiff that the road was straight and the view entirely unobstructed in both directions for a distance of nearly a mile. The deceased, therefore, could not have been run down by the train, if he had been in the exercise of care, and had used his senses for his protection.

It is true, the fact that the deceased was wrongfully on the track at the time of the accident did not re-

lieve the employés of the company from all duty, under all circumstances, of using reasonable care to avoid collision with the deceased; but that duty could only arise from the time that the party was discovered in his peril by the employés in charge of the train. From that time those in charge of the train would be bound to use all reasonable care and effort to avoid the injury; and their failure in that respect would render the company liable for the consequences, notwithstanding the negligence of the deceased. But in this case there is an entire absence of all evidence to show that the presence of the deceased on the track was known to any of the employés on the train until after the accident had occurred. The fact of such knowledge on the part of the employés of the company, and that it was because of their failure to use reasonable care to avoid the accident that the injury was inflicted, were material facts, and necessary to make the plaintiff's case; and as there was no proof of these essential facts, the Court could not do otherwise than instruct that the verdict should be entered for the defendant.

(Decided 6th December, 1888.)