MINERVA BIRD, ADMINISTRATRIX, ETC., v. THE FLINT & PERE MARQUETTE RAILROAD COMPANY.

*Railroad companies—Accident at crossing—Contributory negligence.*

A train standing upon a highway, with an engine attached, is of itself notice of danger; and, in the absence of a special assurance on the part of the railroad company to one desiring to

cross between two cars, over the couplings, that he may safely do so, so far as any movement of the train is concerned, he assumes all risks incident to such an attempt.

Error to Oakland. (Moore, J.) Argued April 24, 1891. Decided May 8, 1891.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Moore & Moore* (*John Fitzpatrick*, of counsel), for appellant.

*W. L. Webber*, for defendant.

GRANT, J. The deceased was a school-teacher aged 27 years, and in the full enjoyment of all her faculties.

The defendant's road crosses a highway running through the village of Milford, the railroad running nearly north and south, and the highway running east and west. The depot stands west of the railroad, and near the intersection of the road and the highway. There were across this highway a main track and a side track. A freight train was standing on the side track across the highway, waiting for the arrival of a passenger train, upon the arrival of which, as was the well-known custom, it immediately pulled out. The deceased, living east of the crossing, intended to take passage upon the incoming train. Finding the freight train across the highway, she undertook to climb through between the cars. She had climbed upon the coupling of the draw-bars, and in jumping therefrom her dress caught upon the coupling-pin; she fell just as the train started, was drawn under the cars, and killed.

The only allegation of negligence against the defendant is that, contrary to the law, it had permitted this train to stand upon the highway more than five minutes; that

it had for a long time permitted its freight trains to stand there, obstructing the road for more than five minutes at a time; that people had been in the habit of crossing the street while trains were standing there, under and between its cars; and that its employés in charge of its freight trains had frequently assisted persons in so passing; and that, therefore, the defendant by this conduct had invited the public so to pass.

The testimony on the part of the plaintiff shows that deceased started from her residence for the depot as the incoming passenger train whistled for the station; that she walked fast towards the depot, and, seeing the freight train across the highway, she said to two friends, as she passed them, "Girls, what shall I do?" One of them replied, "Wait, and the train may pull away." But she replied, "I have got to make that train;" and she thereupon walked up to the train, and attempted to cross, with the result above stated.

The learned circuit judge instructed the jury that "for any person to undertake to pass between two cars over the couplings, when there was an engine attached to the train, and in danger of moving out immediately, was such an act as no person possessed of ordinary prudence would engage in;" and he added that it would be more hazardous for a woman, laboring under the disadvantage incident to her apparel; and instructed the jury to find a verdict for the defendant.

Under no view of the case can the defendant be held to have extended an invitation to the traveling public to cross under or between its cars, under these circumstances. A train standing upon a highway, with an engine attached, is of itself notice of danger; and, in the absence of a special assurance on the part of the defendant to one desiring to cross that he may safely do so, so

far as any movement of the train is concerned, he assumes all the risks. To attempt to cross, in the absence of such assurance, is gross negligence.

Judgment affirmed.

CHAMPLIN, C. J., MORSE and McGRATH, JJ., concurred. LONG, J., did not sit.