LAHNALA v. MINERAL RANGE RAILWAY CO.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MINORS—RAILROADS.

It was contributory negligence which precluded a recovery for injuries to a minor of ten years and two months old, of fair intelligence, who, in reliance on an alleged custom to ring the bell before starting, attempted to crawl through beneath a freight train and between two of the cars and was caught by the movement of the cars and injured.

Error to Baraga; O'Brien, J. Submitted June 20, 1916. (Docket No. 105.) Decided July 21, 1916.

Case by Albert Lahnala, by his next friend, against the Mineral Range Railway Company for personal injuries. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*N. A. Rounavaara* and *Le Gendre & Driscoll,* for appellant.

*A. E. Miller* (*John E. Tracy* and *J. J. O'Connor,* of counsel), for appellee.

MOORE, J.  The plaintiff, a boy of fair intelligence, an attendant at the public school, 10 years and 2 months old, received injuries for which this suit is brought.  From a directed verdict in favor of the defendant the case is brought here by writ of error.

No testimony was taken on the part of the defendant.  The testimony of the plaintiff was, in substance, that he was on his way to school after eating his dinner, and he came to the railway, crossing the public highway near the schoolhouse, and the rock cars of the defendant's long freight train were obstructing it, standing across the crossing, and he waited for a time for the train to move away.  It did not move away, and his little brother, who was with him, first went through, crawling under the cars and between two cars and got across safely, and then Albert, the plaintiff, tried to crawl through, and while getting through in some way was caught by the train, which moved as he was trying to get through.  He testifies that the bell had always rung previously whenever he saw cars at that crossing, before the cars would move; that a train would be at that crossing almost every day and would stay there for a shorter or a longer period, and that he relied upon the bell ringing before the train started, and that he supposed he could get across safely because the bell had not rung.  There is also testimony indicating that the second school bell was ringing, and that plaintiff was afraid he would be late to school.

It is urged that plaintiff only did what a boy of his age might be expected to do under the circumstances, and that the trial judge erred in deciding as a question of law that the boy was guilty of contributory negligence.  The question is not a new one in this State,  but was before us in principle in *Bird* v. *Railroad Co.*, 86 Mich. 79 (48 N. W. 691) ; *Ecliff* v. *Railway Co.*, 64 Mich. 196 (31 N. W. 180) ; *Henderson* v. *Railway Co.*, 116 Mich. 368 (74 N. W. 525) ; *Trudell*

v. *Railway Co.*, 126 Mich. 73 (85 N. W. 250, 53 L. R. A. 271); *Perego* v. *Railway Co.*, 158 Mich. 225 (122 N. W. 535); *Knickerbocker* v. *Railway*, 167 Mich. 596 (133 N. W. 504); *Mollica* v. *Railroad Co.*, 170 Mich. 96 (135 N. W. 927); *Henry* v. *Railroad Co.*, 189 Mich. 45 (155 N. W. 550).

Judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.