The equitable plaintiffs are the widow and daughter of Edward T. Anderson, who, while walking on the defendant railroad company's track, was struck and killed by one of its trains. At the time of the accident, which occurred about half-past seven o'clock on the morning of February 10th, 1922, Mr. Anderson, who was a building contractor, was on his way from his home, between Hanover and Harwood stations on the defendant's line in Howard County, to a cottage near the latter station which he then had under construction. He had proceeded westwardly toward Harwood on the westbound track for a distance of six hundred feet or more, when he was killed by a train coming from the east. A daughter who had accompanied him from his home to the railroad, and who then turned eastwardly towards Hanover Station, saw him start in the other direction between the rails of the westbound track, and on looking back shortly afterwards she observed him walking rapidly on the track toward Harwood. When she last saw him the train which caused his death was passing the point she had then reached. Her father was then about twelve hundred feet distant. A carpenter who was working on a house about two hundred yards north of the railroad heard "a danger signal, real short blasts," from the locomotive whistle of the westbound train, and when he looked toward the train a moment later it was stopping with its front end near a signal station located six hundred and twenty-seven feet beyond the point of the accident. The signal was set against the further movement of the train in that direction, indicating that the block ahead was occupied. The lifeless body of Mr. Anderson was found under the rear car of the train after its motion had been arrested. No information is given us by the record as to the circumstances of this unfortunate event except the undisputed evidence of the facts we have stated. The case was withdrawn from the jury at the close of the plaintiffs' evidence. *Page 573 
The only question on appeal is whether that action was right.
In using as a path one of the railroad tracks on the defendant's private right of way, the decedent placed himself in the position of a trespasser. It was, nevertheless, the duty of those in charge of the train to exercise due care, after becoming aware of his presence, to avoid causing him injury. But they were not required to anticipate that he would be in such a place of danger. In order that his dependents might recover damages from the defendant on account of his death, it was necessary for them to prove that the operators of the train knew of his presence on the track in time to have obviated the accident by proper care and effort. Their knowledge of his hazardous situation, and their opportunity and failure, with such knowledge, to act efficiently for his protection, were facts essential to be proved as the basis of recovery. This rule of law is definitely settled and is not questioned. State, use of Scott, v. Wash., B. A. Elec.R. Co., 130 Md. 614; Balto. O.R. Co. v. Welch,114 Md. 536; Chesapeake R. Co. v. Donahue, 107 Md. 119; Price v.Phila., W. B.R. Co., 84 Md. 506; Western Md. R. Co. v.Kehoe, 83 Md. 434; Ricketts v. Balto. O.R. Co.,69 Md. 494; Schroeder v. Balto. O.R. Co., 69 Md. 551.
The contention on behalf of the plaintiffs is that timely knowledge by the trainmen of the decedent's presence on the track should be inferred from the fact that some distance beyond him was a signal toward which they must have looked, and which they actually obeyed. The theory is that as the man on the track could have been seen as readily as the signal, there being nothing to obstruct the view of either from the approaching train, it is a natural inference that both were in fact observed. The signal was twenty-five feet above the level of the roadbed. It does not appear from the evidence that in looking at the elevated signal, in the customary performance of their duties, the trainmen would *Page 574 
necessarily have seen the pedestrian on the track. It is possible that he may not have been in the line of their vision when they obtained the information which the signal was intended to convey, or it may then have been too late, by the utmost diligence, to stop the train and to thus save his life. The proof is not inconsistent with either of those theories. Unless the conditions were shown to be such as to justify the conclusion that those operating the train actually saw the man ahead in time to avoid the accident, by the exercise of due care, the duty of proving that to be the fact could not properly be held to have been performed. The existence of such knowledge should be the subject of legally sufficient proof, and not of conjecture, before the issue should be submitted to the jury. In some of the cases we have cited the evidence showed that the trespasser on the track could have been seen from the approaching locomotive for a long distance, before the accident, but because of the absence of proof that he was seen by the trainmen, in time for them to save him from injury, it was held that the submission of the case to the jury could not be justified. In this case the sounding of a danger signal from the train which ran over the decedent might suggest the probability that his presence and peril had not been previously realized. The evidence, in our judgment, does not have a legally sufficient tendency to prove that the trainmen knew of his situation in time to take such effective measures for his protection as their duty would have demanded.
Judgment affirmed, with costs. *Page 575