### NAGY *v.* DETROIT, TOLEDO & IRONTON RAILROAD CO.

1. Railroads—Negligence—Contributory Negligence.

   A train standing upon a highway, with an engine attached, is of itself notice of danger, and, in the absence of a special assurance on the part of the railroad company to one desiring to cross between two cars, that he may do so, so far as any movement of the train is concerned, he assumes all risks incident to such an attempt.

2. Same—Infants—Appreciation of Danger Involved.

   In an action against a railroad company for injuries to a 13-year old boy who attempted to cross between two cars standing on a crossing with an engine attached, evidence *held*, sufficient to show that the boy was of sufficient intelligence to understand the danger involved, and that a verdict was properly directed for defendant on the ground of plaintiff's contributory negligence.

---

[1]Railroads, 33 Cyc. p. 998; 13 L. R. A. (N. S.) 1066; 34 L. R. A. (N. S.) 466; 50 L. R. A. (N. S.) 1012; 22 R. C. L. 1022; [2]Id., 33 Cyc. p. 992.

Error to Wayne; Fead (Louis H.), J., presiding. Submitted October 11, 1927.  (Docket No. 83.)  Decided December 1, 1927.  Rehearing denied January 19, 1928.

Case by Frank Nagy, an infant, by his next friend, against the Detroit, Toledo & Ironton Railroad Company and another for personal injuries.  Judgment for defendants on a directed verdict.  Plaintiff brings error.  Affirmed.

*Joseph Fabian,* for appellant.

*Clifford B. Longley* and *Wallace R. Middleton,* for appellee Detroit, Toledo & Ironton Railroad Co.

FELLOWS, J.  Plaintiff, who was born December 14, 1908, received injuries on July 5, 1922, which resulted in the bringing of this action by his next friend.  At the time of the injuries he was attending school and was in grade 6-A.  In going to and from school he crossed the railroad track on Post avenue and was familiar with the crossing.  On the day in question when on his way home from school at noon, the crossing was blocked by a string of freight cars to which an engine was attached at each end.  None of the employees of defendants were at or near the crossing. After waiting upwards of ten minutes plaintiff attempted to cross between the cars.  The train started and his foot was crushed, necessitating the amputation of a portion of it.  At the close of plaintiff's proofs a verdict was directed for defendants, the trial judge concluding that no negligence of defendants which could be said to be the proximate cause of the accident had been established, and that plaintiff was guilty of contributory negligence.

In this court the arguments in the main were addressed to the question of contributory negligence. It was settled by *Bird* v. *Railroad Co.,* 86 Mich. 79, that (quoting the syllabus) :

"A train standing upon a highway, with an engine attached, is of itself notice of danger; and, in the absence of a special assurance on the part of the railroad company to one desiring to cross between two cars, over the couplings, that he may safely do so, so far as any movement of the train is concerned, he assumes all risks incident to such an attempt."

This case was followed in *Lahnala* v. *Railway Co.*, 192 Mich. 460, where it was held (again quoting the syllabus):

"It was contributory negligence which precluded a recovery for injuries to a minor of ten years and two months old, of fair intelligence, who, in reliance on an alleged custom to ring the bell before starting, attempted to crawl through beneath a freight train and between two of the cars and was caught by the movement of the cars and injured."

But it was sought in the court below and is here sought to negative the effect of these holdings by the claim that plaintiff was mentally defective, and testimony was permitted of a physician who had examined plaintiff shortly before the trial to the effect that his mental development was but 60 per cent. normal. This tended to fix his mentality at the time of the accident as that of a normal boy of about eight years of age, although plaintiff had regularly made his grades in school and was alleged in the declaration to be "well, healthy, and studious," and "eager to receive instructions in school." This court has had occasion to discuss the question of contributory negligence of minors. In *Henderson* v. *Railway Co.*, 116 Mich. 368, it was said by Mr. Justice MONTGOMERY, speaking for the court:

"If the boy had sufficient intelligence to appreciate the danger, and had in mind the necessity of taking precautions, it is not necessary that he should have had the intelligence of an adult fully."

And in *Mollica* v. *Railroad Co.,* 170 Mich. 96, it was said by Mr. Justice Steere:

"In the case of a child of the age of deceased, the law is well settled in this State that he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity; and the want of that degree of care is negligence. The fact that he may not have as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known dangers. Where the dangers are known and understood by him, the rule of contributory negligence is fully applicable."

See, also, *Knickerbocker* v. *Railway Co.,* 167 Mich. 596; *Henry* v. *Railroad Co.,* 189 Mich. 45; *Otto* v. *Railroad Co.,* 189 Mich. 463; *Apps* v. *Walters,* 216 Mich. 17; *Stahl* v. *Railroad Co.,* 227 Mich. 469.

Turning to the record we find that the physician called by plaintiff testified as follows:

"*Q.* You would not want to say that this boy in the 6th grade, 13, when he came down Post avenue on the 5th day of July, 1922, did not have enough mentality not to go between two cars standing on the crossing?

"*A.* I think he would know enough for that.

"*Q.* A boy of seven years of age who was normal would know enough, would he not?

"*A.* If he was not hurried or excited, he would.

"*Q.* You do not have a question about the fact that when he got up there this same boy you examined last January, in July, 1922, having gone to school through the sixth grade, would know that to get between two cars would be very dangerous when he saw an engine attached to each end of the train?

"*A.* I think he would realize that."

And plaintiff testified:

"*Q.* It was a common occurrence for the drag of cars to move out of the D. T. I. up on Pere Marquette and go west?

"*A.* Yes.

"*Q.* You have seen that a good many times?

"*A.* Yes, sir.

"*Q.* You knew when you went through this string of cars that they were going to move west sooner or later?

"*A.* Yes, sir.

"*Q.* You did not know when?

"*A.* No.

"*Q.* You took a chance of getting through before they moved?

"*A.* They are supposed to have a signal.

"*Q.* You took a chance of being able to get through before they moved?

"*A.* Sure, yes.

"*Q.* Sure, you took the chance?

"*A.* Yes, sir."

The testimony in the case, all coming from plaintiff and his witnesses, establishes beyond peradventure that plaintiff fully understood the danger of crossing between the cars; he was not hurried or excited; had waited over ten minutes and doubtless had grown impatient, and, as he said, took a chance of getting across in safety. In so doing he was guilty of contributory negligence barring recovery.

As this disposes of the case we need not consider the other questions discussed further than to say that there was no error in rejecting any of plaintiff's proffered proof.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, WIEST, CLARK, and McDONALD, JJ., concurred. FLANNIGAN, J., did not sit.

The late Justice SNOW took no part in this decision.