ELIZABETH K. SHERWOOD v. THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY.

[See 82 Mich. 374.]

*Railroad companies—Negligence—Evidence—Charge to jury—Competency of jurors.*

1. The Court adhere to the opinion reported in 82 Mich. 374, and, as to the new questions raised on the second trial, hold:

   *a*—It was competent for plaintiff to show that no conductors or trainmen were at the platform when she alighted to assist passengers in alighting, not as a ground of recovery, but as showing the surroundings.

   *b*—The testimony of the physicians who examined plaintiff's limb and broken bone, as to the *details* of such examination, was competent.

   *c*—It was not error for the circuit judge, after stating the facts upon which the plaintiff based her right of recovery, and which, if true, warranted him in directing a verdict in her favor, to instruct the jury that, if they found from a fair preponderance of evidence that such facts were established, plaintiff was entitled to recover.

2. During the second trial of a negligence case, the newspapers of the city where the trial was being had published an item stating the amount of the verdict recovered by the plaintiff on the first trial, which was read by members of the jury; whereupon the defendant's counsel requested the court to arrest the progress of the trial and grant a new trial. The application was denied, and error is assigned upon the ruling as prejudicial, and especially so in view of the fact that the second verdict was larger than the first. And it is held that this rule, if established, would render incompetent every juror who knew the amount of the former verdict; that intelligent men, who are the most competent jurors, are usually readers of newspapers, which have the right to publish the verdicts and judgments rendered in the courts; and that the reading of such reports will not render jurors incompetent.

Error to Kent. (Grove, J.) Argued October 6, 1891. Decided October 30, 1891.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case, in 82 Mich. 374.

*Smith, Nims, Hoyt & Erwin* (*M. J. Smiley*, of counsel), for appellant. _

*Fletcher & Wanty* and *Montgomery & Bundy*, for plaintiff.

GRANT, J. A statement of the facts and general principles governing this case will be found in 82 Mich. 374. The new trial granted resulted in a verdict and judgment for plaintiff. We adhere to the opinion in that case, Mr. Justice LONG speaking for the Court, and in the present case will determine only the new questions raised.

1. It was competent to show that no conductors or trainmen were at the platform where plaintiff alighted to assist passengers in alighting. Plaintiff's counsel disclaimed any right to recover for that reason, but only offered it to show the surroundings.

2. After the trial had been in progress a day some newspapers published and circulated in Grand Rapids, where the trial was in progress, published an item in regard to the former trial, in which was stated the amount of the verdict. It was shown that these articles reached some of the jury. Defendant thereupon requested the court to permit an inquiry to be made to the jury, and ascertain whether they had read these articles, and if they had to arrest the progress of the trial of the case and grant a new trial. The application was overruled. Defendant's counsel insist that this was prejudicial, and especially in view of the fact that the verdict

in the present case was larger than in the former. This rule, if established, would render incompetent every juror who knew the amount of the former verdict. Intelligent men, who are the most competent jurors, are usually readers of newspapers. Newspapers have the right to publish verdicts and judgments rendered in the courts. The result would be to render incompetent as jurors in many cases nearly all the intelligent residents of a county. It, of course, makes no difference when the jurors learn the amount of the former verdict. It is, indeed, desirable that such things, so far as possible, should be kept from the knowledge of the jury, but, however unwise it may be to publish them at the time of the trial, no violation of law is committed in so doing, nor will the reading of them by jurors render them incompetent.

3. Two physicians examined the plaintiff's limb and broken bone, and testified as to the details of their examination. To this the defendant's counsel objected, insisting that it was only proper for these physicians to state the result of their examination, and that the minute details thereof were unnecessary, and prejudicial. The value of the evidence of these physicians depended very largely upon the thoroughness of their examination, and the indications they found that the bone was broken. We find no error in this.

4. Defendant had introduced evidence tending to show that plaintiff had her arms full of bundles. Plaintiff's son was called as a witness, and testified that there was no package at the depot platform that he knew of. Immediately after, the witness testified that he did not know of any package at that time, but he knew of it afterwards. Defendant's counsel objected to this testimony, and after it was concluded plaintiff withdrew it from the consideration of the jury. We see

:ror in this which could prejudice the defendant's case.

5. The circuit judge, in instructing the jury, stated the facts upon which the plaintiff based her right of recovery, and added:

" And if you should find from a fair preponderance of evidence that the facts are as stated in the claim of plaintiff just read to you, then she is entitled to recover in this action."

Error in this is alleged, in that it left out of the con-- sideration of the jury the question of negligence. I can find no reason in this complaint. If the facts stated by the judge had been established beyond controversy, he should have instructed the jury that the defendant was guilty of negligence. The facts alleged in the declaration either do or do not make out a case of negligence. It is always a question of law for the court to decide whether the declaration states a cause of action, and it is the usual and proper way to instruct the jury that, if the facts claimed exist, then a case of negligence is made out. This was the course pursued on the former trial, at the request of defendant's counsel, as will appear upon an examination of the opinion.

Judgment is affirmed.

The other Justices concurred.