KELLER v. HAAKER.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. NEGLIGENCE—QUESTION FOR THE JURY.
   Where it appears that a street through which defendant's team was being driven was so obstructed by building material as to leave only space for one team to pass at a time, and that there were many children then in the street, the question whether the team was being driven at a reckless speed, and in a negligent manner, are for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   In an action for the death of plaintiff's intestate, eight years old, it appeared that he was killed by one of defendant's teams in a narrow passage in a street much obstructed by building material; that decedent was standing by a brick pile, which interfered with his view of the approaching team; that his book was thrown into the narrow passage by a playmate; that he immediately went into the street, to secure it, and was run over by defendant's team. *Held*, that the jury were justified in inferring the absence of contributory negligence. Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from circuit court.

Action by Charles G. Keller, administrator, etc., of George H. Keller, deceased, against Henry Haaker, for the death of plaintiff's intestate. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The deceased was a boy eight years of age, and was killed by one of defendant's teams attached to a heavy, but empty, coal wagon, which was being driven along West Fiftieth street, in the city of New York. The defendant, at the close of the plaintiff's evidence, and again at the close of all the evidence, moved to dismiss the complaint, on the ground that there was no proof of defendant's negligence, and no proof of want of contributory negligence on the part of deceased. These motions were denied, and defendant excepted. The case was submitted to the jury, and a verdict was rendered for plaintiff for $500. A motion for a new trial was made and denied; a judgment was entered; and this appeal was taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert Thorne, for appellant.
Edwin G. Davis, for respondent.

WILLIAMS, J. We entertain no doubt but that there was sufficient evidence to sustain the verdict of the jury as to the negligence of the defendant or his driver. Considering the location of the street, its condition at the time of the accident, being so obstructed as to leave only enough space to permit a single team to pass by at one time, the large number of children in the street at the time, and the obstruction interfering with a view of the street, it was fairly a question for the jury whether the rate of speed at which the team was being driven at the time of the accident, as the jury were justified in finding it, and the manner in which the team was being driven, were negligent. The jury were justified in finding that it was the duty of the driver, under the circumstances, to drive the team carefully, and to be vigilant and care-

ful, to see whether children were in the street, and avoid injuring them.    Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108.

It seems to us there was also sufficient evidence to sustain the finding by the jury that the deceased was free from contributory negligence.    No general rule of law can be laid down as to what in all cases constitutes contributory negligence.    The plaintiff has the burden of proof, and must establish the absence of contributory negligence.    But no particular kind or species of evidence is essential to be given.    It is enough if, from all the evidence given in the case on both sides, the inference can be fairly drawn by the jury that there was absence of contributory negligence.    The highest degree of care on the part of the injured party is not required in order to establish freedom from contributory negligence, but only such care as an ordinarily careful and prudent person, under all the surrounding circumstances, would have used; and where, as here, the injured party is a boy of tender years, his age should be considered, and the care to be exercised by him is such care as an ordinarily careful and prudent person of his age would have used.    We are not to judge of the accident, and the circumstances surrounding the deceased at the time, from the evidence given by the defendant, that most unfavorable to the plaintiff.    On the contrary, in support of the verdict, we should consider the evidence most favorable to the plaintiff, and should assume that the jury, as it had a right to do, credited such evidence, rather than that most favorable to the defendant.    These principles are now well settled, and no citation of authority is necessary in support of them. From the evidence, therefore, the jury were justified in finding that the street on its north side was so obstructed with building materials, brick, sand, iron girders, etc., as to leave a space wide enough for but one team to pass at a time.    The pile of brick was three feet high, and there was a sand pile not so high beside it.    The boy had been at school, and was on his way home, having his schoolbook with him. He, with other children, had stopped at the sand pile.    There were a large number of children in the street.    The team was being driven rapidly through the street, and through the narrow passage by the obstruction in the street.    As the team approached this narrow passage, deceased was at the sand pile, and the brick pile was between him and the team, and obstructed the view of the team to some extent.    Just at this point of time, another child snatched deceased's book from him, and threw it across the street, to a point in the gutter in the extreme south part of the narrow passage.    The deceased, seeing this done, and eager to recover his book, ran across the narrow passage, and stooped down to pick up the book; and, while in that position, the team came upon him, and he was knocked down, and trampled upon by the horses' feet, and his death resulted.    If the team had been traveling at a proper rate of speed, the horses might have been stopped in time to avoid the accident.    Some of the witnesses do say that deceased ran under the horses' feet, but these the jury evidently did not credit, and they were not bound to believe them.    Under these circumstances, and considering the tender years of the deceased, we are of opinion that the jury were justified in inferring the absence of contributory negligence.    The case was very

carefully submitted to the jury by the trial judge. Every right of the defendant was fully protected. The verdict was not large. The jury evidently acted without passion or prejudice, and we think its determination as to the facts should not be disturbed.

The judgment should be affirmed, with costs.

O'BRIEN and INGRAHAM, JJ., concur.

VAN BRUNT, P. J., and PATTERSON, J. We dissent, upon the ground that there was conclusive evidence of contributory negligence.