(90 App. Div. 571.)

ATCHASON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. January 16, 1904.)

1. NEGLIGENCE—DEATH OF CHILD—CARE REQUIRED.
    In an action for the wrongful death of a child there can be no recovery whether he was sui juris or non sui juris, if he did not exercise such care as was commensurate with his years and intelligence.

Appeal from Trial Term, Albany County.

Action by Charles C. Atchason, as administrator of the estate of Elizabeth Atchason, deceased, against the United Traction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.
John Scanlon (Mark Cohn, of counsel), for respondent.

HOUGHTON, J. The action is for the negligent killing of plaintiff's intestate, a child 5½ years of age. The claim of the plaintiff was that the defendant's motorman was negligent in failing to observe and to stop his car as the child ran towards the track upon which his car was proceeding, and that the car was being run at an improper rate of speed. The defendant's contention was that the child unexpectedly ran from the curb to the track, and ran into the fender of the car, and so was injured. In the number of witnesses who testified to the manner in which the accident happened the defendant had much the advantage. Without, however, passing upon the question as to whether a new trial should have been granted because the verdict was against the weight of evidence, we think the judgment must be reversed because of the refusal of the court to charge one of the requests made by the defendant. The proof was that the child was particularly bright, active, alert, and very intelligent for her age. The accident occurred in the daytime, and about 1 o'clock p. m. The court by his charge had left it to the jury to say whether or not she was sui juris, and had instructed them if they found she was she was chargeable with her own negligence; but if they found she was

non sui juris then she was not chargeable with her own negligence. but only with the negligence of her parents.

Amongst the defendant's requests to charge was the following:

"I ask your honor to charge the jury that the child, under the circumstances, was required to exercise some care; and if it failed to exercise any care it was guilty of negligence, which negligence was imputable to the plaintiff even if the child should be non sui juris."

The court declined to charge other than it had concerning the question as to whether the child was sui juris, and what its duties were if it was, to which the defendant excepted. Neither by the charge nor in response to the various requests had the court so instructed the jury, and we think its refusal to do so was error, for which the judgment must be reversed.

We think it to be the rule that an infant, whether he be sui juris or non sui juris, is not in law excused from exercising such care as is commensurate with his years and intelligence in approaching and passing known objects and places of danger. This is distinctly held in Keller v. Haaker, 2 App. Div. 245, 37 N. Y. Supp. 792, in Weiss v. Metropolitan Street Railway Co., 33 App. Div. 223, 53 N. Y. Supp. 449, and by a concurring memorandum in Costello v. Third Ave. R. R. Co., 161 N. Y. 324, 55 N. E. 897. We might rest the proposition upon the citation of these authorities except for the cases of Kitchell v. Brooklyn Heights R. R. Co., 6 App. Div. 99, 39 N. Y. Supp. 741, Penny v. Rochester R. R. Co., 7 App. Div. 595, 40 N. Y. Supp. 172, and Hyland v. Burns, 10 App. Div. 386, 41 N. Y. Supp. 873, which assume that the only negligence which can be imputed to a child non sui juris is that of the parent or guardian. These authorities make it not improper for us to substantiate the proposition by further citation and reason.

In O'Mara v. Hudson River R. R. Co., 38 N. Y. 449, 98 Am. Dec. 61, the court says:

"The old, the lame, and the infirm are entitled to the use of the streets, and more care must be exercised toward them than toward those who have better powers of motion. The young are entitled to the same rights, and cannot be required to exercise as great foresight and vigilance as those of maturer years. More care is required toward them than towards others. In the case of a child but two or three years of age no knowledge or foresight could be expected."

Stone v. Dry Dock, etc., R. R. Co., 115 N. Y. 104, 110, 21 N. E. 712, was an action to recover damages for the negligent killing of an infant seven years of age, which the court below held, as matter of law, to be sui juris. In reviewing the case, Andrews, J., says:

"We are inclined to the opinion that in an action for an injury to a child of tender years, based on negligence, who may or may not have been sui juris when the injury happened, and the fact is material as bearing upon the question of contributory negligence, the burden is upon the plaintiff to give some evidence that the party injured was not capable, as matter of fact, of exercising judgment and discretion. This rule would seem to be consistent with the principle now well settled in this state, that, in an action for a personal injury based on negligence, freedom from contributory negligence on the part of the party injured is an element of the cause of action. * * * In the present case the only fact before the jury bearing upon the capacity of the child whose death was in question was that she was a girl seven years and

three months old. This, we think, did not alone justify the inference that the child was incapable of exercising any degree of care. But, assuming that the child was chargeable with the exercise of some degree of care, we think it should have been left to the jury to determine whether she acted with that degree of prudence which might reasonably be expected, under the circumstances, of a child of her years."

In Thurber v. Harlem, B. M. & F. R. R. Co., 60 N. Y. 335, the court remarks: "By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. Of an infant of tender years less discretion is required, and the degree depends on his age and knowledge;" and then refers with approval to Railroad Company v. Gladmon, 15 Wall. 404, 21 L. Ed. 114. Turning to that case we find that Hunt, J., says:

"Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child three years of age less caution would be required than of one of seven, and of a child of seven less than of one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."

We find the following language in Dowling v. N. Y. C. & H. R. R. Co., 90 N. Y. 671:

"But it is well settled that the same degree of care is not required of an infant of tender years which is required of an adult. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury."

And finally in Costello v. Third Ave. R. R. Co., 161 N. Y. 324, 55 N. E. 899, Parker, C. J., says:

"The presumption that the plaintiff was non sui juris was not met by direct evidence, but the plaintiff was a witness, and his testimony, as well as the manner of giving it, gave the jury an opportunity to measure his intelligence, and it was for them to say whether he was in fact sui juris, and, if they should conclude that he was not, then the further question remained for their consideration whether he exercised that degree of care and caution which should be expected from one of his age, experience, and intelligence."

We have been careful to quote the language from the authorities cited, because there have crept into many of the reported cases expressions indicating that when an infant is non sui juris the only negligence which may be imputed to him is that of his parents or guardian. Where an infant is so young that it has no judgment and is not expected to avoid danger, manifestly the only negligence which can be imputed to it is that of the person having it in charge. But there comes a time in the development of a child when it must have learned some things. Although it may lack judgment to act with care and circumspection in regard to avoiding danger, yet it may be quite sensible of the necessity of avoiding contact with many objects which experience has taught will inflict harm. Certain children might very early learn to avoid passing vehicles, and that there was great danger in a moving car. When an infant complains of wrongs to himself, the defendant has a right to insist that he should not have been a heedless instrument of his own injury. The negli-

gence of an infant non sui juris may very seldom become a matter of law for the court to decide. But where a child is old enough to have any experience and intelligence it becomes a question for the jury to determine whether.he exercised the degree of care and caution which should be expected from one of his age, experience, and intelligence. If he had knowledge and experience, and failed to exercise any care commensurate with his age and knowledge, it would be the duty of the jury to deny him any redress.

In the present case the question was properly left to the jury to determine whether the infant was sui juris or not. Under the refusal of the court to charge, and under the charge as made, the jury might have found that she was non sui juris, and still had enough knowledge and experience to appreciate the danger, but was not called upon to exercise it in any manner. This might have led the jury into holding the defendant responsible even if the injury occurred by reason of her running into the side of the car. In any aspect, we cannot say that the refusal of the court to charge as requested was not harmful to the defendant. This conclusion leads to a reversal of the judgment, and makes it unnecessary to examine the other questions raised by the appellant. The judgment and order should be reversed, with costs.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur; PARKER, P. J., and SMITH, J., in result. CHESTER, J., concurs in result in memorandum.

CHESTER, J. I cannot agree with Mr. Justice HOUGHTON that it was reversible error to refuse to charge the request pointed out by him, for I think the learned trial justice had correctly and sufficiently charged the jury with respect to the negligence of the child, or of her parents, if the jury found she was not sufficiently mature to care for herself, and with respect to the degree of care, if any, which a child of the immature years of the plaintiff's intestate was required to exercise. I think, however, that the verdict was clearly against the weight of evidence, and should have been set aside for that reason, and therefore I concur in the result reached.