REED v. LOUDEN.

TRIAL—MISCONDUCT OF COUNSEL—INTEMPERATE ARGUMENT.

In an action for breach of promise to marry, statements by plaintiff's counsel, in argument, wholly unsupported by the record, amounting to insinuations that defendant had used money to induce his witnesses to testify in his behalf, and that improper methods had been taken by a detective, are so prejudicial as to necessitate a reversal of the judgment.

Error to Saginaw; Gage (Chauncey H.), J. Submitted June 11, 1908. (Docket No. 68.) Decided July 1, 1908.

Assumpsit by Florence A. Reed against Frederick Louden for breach of promise of marriage. There was judgment for plaintiff, and defendant brings error. Reversed.

*Beach, O'Keefe & Rockwith,* for appellant.

*Harris & Kendrick* (*R. L. Crane,* of counsel), for appellee.

This is an action to recover damages for breach of promise of marriage. The engagement and preparation for the wedding were admitted. The day was set for the wedding. Three days previous, for some reason, the engagement was broken off. According to plaintiff's statement, defendant broke the engagement without any excuse valid in the law. Under his statement, she insisted on certain conditions which would justify him in breaking the engagement. He also testified that when she insisted upon the conditions the engagement was mutually canceled. There is no evidence or claim that defendant ever treated plaintiff in any other than a proper and considerate manner except by breaking the engagement. Plaintiff recovered verdict and judgment.

GRANT, C. J. (*after stating the facts*).   In the course of his concluding argument to the jury, counsel for plaintiff used the following language:

"Who is to blame?   There he is,—a man who did to that girl worse than to rob her of her virtue.   *   *   * This defendant did admit the promise to marry.   Why? It would be easier then to satisfy the jury that the promise was broken off.   *   *   *   He broke off the engagement, and he can't give any reason for it to these twelve men.   *   *   *   I say this girl is abused and ill-treated by Louden in the way that no man who was a man would treat a girl.   Oh, how small he has been in this trial. *   *   *   The time to shoot men down and use violence is past and gone, and we are glad of it; and we come to you.   Some of you have daughters; perhaps some have not; but I say to you that defendant wronged a poor, helpless girl."

Referring to some of the defendant's witnesses, plaintiff's counsel said:

"Well, there they are.   Put them down there.   Gentlemen, this is all they amount to.   There is one thing I will tell you, gentlemen, money sometimes makes a man remember.   Detectives sometimes do things that they ought not to do.   Was it done here?   I leave it to you.   How these men appeared here.   It is the most damnable piece of evidence I have ever seen in this court, and I believe that you ever did."

We think the record in this case does not justify the use of this extravagant language, intended to inflame the prejudices of the jury.   A jury is perhaps naturally prejudiced against a man who breaks an engagement to marry.   He is, however, entitled to the fair and unprejudiced judgment of a jury and to an assessment of damages which is not increased by unjustifiable and extravagant language on the part of an attorney.   Here was a covert insinuation that the defendant had used money to induce his witnesses to testify in his behalf, and that improper methods had been taken by a detective.   There was no evidence upon this record to justify the charge. This statement was evidently more damaging than was

the statement made by counsel in *Selby* v. *Railway*, 122 Mich. 311, wherein counsel said:

" I do not want you to go to the jury-room to cut down, on the ground there will be a settlement in this case; they will go to the Supreme Court; they always go there."

We held that this was an ingenious invitation to the jury to increase damages. So, in this case the language was an ingenious invitation to the jury to believe that the defendant had suborned his witnesses. The above language and other similar to it is so intemperate that we find it impossible to say that it was not prejudicial. For this reason the judgment must be reversed, and a new trial ordered.

There are other assignments of error, but as the questions involved are not likely to arise upon a new trial, it is unnecessary to determine them.

HOOKER, MOORE, CARPENTER, and MCALVAY, JJ., concurred.