EASTON *v.* MEDEMA.

1. TRIAL—NEWSPAPER PUBLICITY NO CAUSE FOR DECLARING MISTRIAL.
   Where, during the trial of an action for personal injuries caused to an infant by defendant's automobile, an article referring to a former trial of the case was published in a local paper, refusal of the trial judge to interrogate the jurors as to their knowledge of said article and to declare a mistrial was not error.

2. APPEAL AND ERROR—CONDUCT OF COUNSEL—PERSISTENT EFFORT TO PREJUDICE JURY REVERSIBLE ERROR.
   Where, in an action for personal injuries against an automobile owner, plaintiff's attorney purposely injected into the record and persistently kept before the jury to create prejudice the fact that defendant carried insurance on his automobile, a judgment in favor of plaintiff must be reversed, notwithstanding the trial court instructed the jury that the question of insurance was not to be considered by them in arriving at their verdict or in fixing its amount.

3. WITNESSES—EVIDENCE—NOT ERROR TO PERMIT 7-YEAR OLD GIRL TO MAKE STATEMENT NOT UNDER OATH.
   In an action for personal injuries to a girl 5 years and 8 months old, it was not error to permit her to make a statement to the jury not under oath; she at the time of the trial being 7 years and 2 months old.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF INFANT UNDER SIX YEARS OLD.
   It does not follow that, because the plaintiff was permitted to make a statement not under oath when more than seven years old, she should be held to have had sufficient discretion to be held guilty of contributory negligence when less than six years old.

5. SAME.
   The holding of the trial court that plaintiff, because of her age of 5 years and 8 months, was not guilty of contributory negligence, is affirmed, on review, by an equally divided court.

As to age at which the doctrine of contributory negligence may be applied to children, see annotation in L. R. A. 1917F, 42.

Error to Muskegon; Vanderwerp (John), J. Submitted January 31, 1929. (Docket No. 75, Calendar No. 34,158.) Decided March 28, 1929.

Case by Loretta Easton, an infant, by her next friend, against E. H. Medema and another for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed.

*Joseph T. Riley,* for appellants.

*Wetmore & Bagley,* for appellee.

POTTER, J. Plaintiff brought suit against defendants to recover damages alleged to have resulted from the negligent operation of an automobile by defendant Medema which belonged to defendant Carbine. Carbine owned a store in Muskegon. Medema worked for him. Plaintiff was 5 years and 8 months old when injured, September 21, 1926, and a pupil in the Muskegon schools. Medema, the day of the accident, took the automobile near the store and started home. Plaintiff was on her way to school, but, attracted by Muskegon fire equipment going in an opposite direction, had turned and followed it some distance, and then started back toward the schoolhouse. Both plaintiff and defendant were traveling west on Grand avenue, immediately prior to plaintiff's injury. On the south side of Grand avenue is an alley at right angles with the street. Medema turned to go into this alley. Plaintiff was struck and injured. There is dispute whether plaintiff was on the sidewalk or not when injured.

1. During the trial the Muskegon Chronicle, a newspaper circulating in Muskegon and vicinity, published an article as follows:

"Second trial started in damage suit. A second trial in circuit court today in a suit commenced in

behalf of Loretta Easton, seven-year-old school girl, injured when struck by an automobile at an alley on Grand avenue near Fifth street in 1926. A circuit court jury last year awarded the girl $2,700 damages. The defendant was E. H. Medema, driver of an automobile owned by E. H. Carbine, Muskegon produce dealer. Both Medema and Carbine are defendants in the present suit. The girl's leg was broken and she will be crippled the rest of her life, according to the declaration in this case."

Prior to its publication, plaintiff's attorney was interviewed, but the only information obtained by the reporter was the age of plaintiff. This article was presented to the court, and defendant's counsel moved that the jurors be interrogated by the court to determine whether this article or any knowledge of its contents had come to their attention, and, if such interrogation showed the jurors had knowledge or information gained from it, to grant a mistrial. The trial judge refused to interrogate the jury or to direct a mistrial, but said:

"It is unfortunate, of course, that this appeared in the paper.   *   *   *   It was unfit to appear in the paper."

Error is assigned upon the refusal of the court to interrogate the jury and to declare a mistrial. The action of the trial court was not error. *Sherwood* v. *Railway Co.*, 88 Mich. 108; *Forsythe* v. *Thompson's Estate*, 157 Mich. 669; *Prange* v. *City of Flint*, 217 Mich. 675; *Hatton* v. *Stott*, 220 Mich. 262; 46 C. J. pp. 139, 140.

2. While the jury was being impaneled, plaintiff's counsel requested the court to ask the jurors if they were members of the Auto Owners Insurance Company. Upon objection, the court refused to ask the question, and stated to the jury, "We have nothing

to do with that.'' Upon direct-examination of Martha Wilson by plaintiff's attorney, she testified Medema said: ''My car is insured.'' This was objected to, and the court instructed the jury that any testimony about insurance should not be considered. When defendant Medema was on the stand plaintiff's counsel cross-examined him as follows:

''*Q.* You didn't tell Mrs. Wilson that your car— this car—was insured, and you would see that the little girl went to the hospital?

''*A.* I never told Mrs. Wilson the car was insured. It wasn't my car.

''*Mr. Riley:* I object to the question.

''*The Court:* Well, let the answer stand.''

Upon the closing argument of the case, plaintiff's counsel said:

''I am going to talk to you a moment about Mr. Medema taking the little girl over there and what he said, but I want to say to you, gentlemen, that you are not interested whether there was any insurance or whether there was not—

''*Mr. Riley:* I object to the argument, and take exception to it, and ask that it be stricken out and the jury instructed to disregard it.

''*Mr. Wetmore:* You should not say anything about insurance.

''*Mr. Riley:* I ask for a mistrial on that ground.''

Counsel then stated he would like to make a statement of what he proposed to say. The court directed the jury to retire and plaintiff's counsel stated he proposed to say to the jury it was not a question of whether defendant was insured or not but one bearing upon the truth of Medema's testimony. The court declined to grant a mistrial, but warned plaintiff's counsel he was taking chances. The court charged the jury the question of insurance was not to

be considered by them in arriving at their verdict or in fixing its amount.

Where, as here, it is apparent that immaterial and collateral matters have been purposely injected into the record and persistently kept before the jury to create prejudice, a reversal must be had. *Peter* v. *Railway Co.,* 121 Mich. 324 (46 L. R. A. 224, 80 Am. St. Rep. 500) ; *Atherton* v. *Defreeze,* 129 Mich. 364; *Hillman* v. *Railway Co.,* 137 Mich. 184; *Reed* v. *Louden,* 153 Mich. 521; *Kerr* v. *Manufacturing Co.,* 155 Mich. 191; *Hughes* v. *City of Detroit,* 161 Mich. 283 (137 Am. St. Rep. 504) ; *Morrison* v. *Carpenter,* 179 Mich. 207 (Ann. Cas. 1915D, 319) ; *Sherwood* v. *Babcock,* 208 Mich. 536; *Ward* v. *De Young,* 210 Mich. 67 ; *Church* v. *Stoldt,* 215 Mich. 469; *Reynolds* v. *Knowles,* 223 Mich. 71; *Stowe* v. *Mather,* 234 Mich. 385; *Sutzer* v. *Allen,* 236 Mich. 1; *Oliver* v. *Ashworth,* 239 Mich. 53; *Johnson* v. *Savings Ass'n,* 242 Mich. 558.

3. Plaintiff was injured September 21, 1926. Trial of the case was commenced March 26, 1928. Plaintiff was seven years old January 16, 1928. She was permitted to make a statement to the jury not under oath. It was not error to permit her to do so. Section 12556, 3 Comp. Laws 1915; 4 Blackstone, Com. 214; 3 Wigmore, Evidence (2d Ed.), § 1821; 9 Holdsworth, Hist. Eng. Law, 188–189.

4. It is contended the court erred in excluding the question of plaintiff's contributory negligence from the jury because she was permitted to make a statement to the jury. It does not follow because the witness was permitted to make a statement not under oath when more than seven years old, she should be held to have had sufficient discretion to be held guilty of contributory negligence when less than six years old.

5. Defendant contends the question of plaintiff's contributory negligence should not have been withdrawn by the court but considered by the jury.

Blackstone says:

"The capacity for doing ill, or contracting guilt, is not so much measured by years and days, as by the strength of the delinquent's understanding and judgment." 4 Blackstone Com. 23.

In *McDonough* v. *Vozella,* 247 Mass. 552 (142 N. E. 831), the court said a child 4 years and 5 months old, "cannot be pronounced, as a matter of law, incapable of exercising any care in the circumstances confronting him." In a case where a child injured was 5 years and 9 months old, the court said: "The weight of authority both in this country and in England is decidedly in favor of holding a child * * * only to such degree of care as ought reasonably to be expected among children of his age and intelligence." *McMahon* v. *Railway Co.,* 39 Md. 438. A verdict directed against plaintiff 5 years and 6 months old, on the ground of his contributory negligence, was sustained in *Hayes* v. *Norcross,* 162 Mass. 546 (39 N. E. 282), and he was held "bound to show that he exercised such care as ordinary boys of his age and intelligence are accustomed to exercise under like circumstances. The standard is the conduct of boys who are ordinarily careful." In *Atchason* v. *Traction Co.,* 90 N. Y. App. Div. 571 (86 N. Y. Supp. 176), a child 5½ years old was held "not in law excused from exercising such care as is commensurate with his years and intelligence." A child is only held to such degree of care "as would reasonably be expected of a child of her sex, age, and intelligence under all the circumstances surrounding her at the time." *Cooper* v. *Railway Co.,* 66 Mich. 261

(11 Am. St. Rep. 482). "When contributory negligence is sought to be attributed to a child, the child can only be held to that degree of care which may reasonably be expected from one under the same conditions; of the same age, intelligence and judgment." *Baker* v. *Railroad Co.*, 68 Mich. 90.  It is unlawful "to expect or demand of any human being judgment or caution not naturally to be expected from persons of his age and capacity." *Hargreaves* v. *Deacon*, 25 Mich. 1. In *East Saginaw City R. Co.* v. *Bohn*, 27 Mich. 503, the court said of a child four years old:

"There are, doubtless, some children, even of this tender age, who show a prudence and thoughtfulness, and an ability to guard against dangers, commonly belonging to riper years."

And in *Daniels* v. *Clegg*, 28 Mich. 32, it is said:

"In deciding upon the degree of diligence to be required of children, or other persons more or less incompetent, that incompetency must be taken into account; and no higher degree of diligence must be required of such persons than we have a right to expect, or that experience has shown such persons generally would be likely to exercise under like circumstances."

"Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child 3 years of age less caution would be required than of one 7, and a child of 7 less than one of 12 or 15. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case." *Railroad Co.* v. *Gladmon*, 15 Wall. (U. S.) 401.

In *Plantza* v. *Glasgow Corp.*, 1910 Session Cases,

786, plaintiff was nearly 5 years old. Lord Justice-Clerk said:

"I reject altogether the idea that a boy of five cannot be guilty of contributory negligence, and I do not think any judges have ever said that that was the law without regard to the particular circumstances being dealt with. What judges have said (and I agree with them) is that on the facts of a particular case it may be difficult to hold that a boy of five has been guilty of negligence. They did not say that he could not be held guilty of negligence if the circumstances showed that he had not taken that care of himself which is expected of a child of that age."

And Lord Ardwall, in concurring, said:

"If it had been necessary I should have held * * * that the injured boy was guilty of contributory negligence, and I concur with what your Lordship has said on this subject with regard to children who are not altogether without intelligence or the ability to take care of themselves."

"Age alone is not the conclusive test. * * * As was said in *Trudell* v. *Railway Co.,* 126 Mich. 73 (53 L. R. A. 271), where the injured child was 7 years and 4 months old, 'Age is not the true test in such cases. It is the intelligence of the boy, not his age, that must control.' By the tests of capacity and experience children younger than 7 years have been held guilty of contributory negligence as a matter of law under the undisputed facts." *Thornton* v. *Ionia Free Fair Ass'n,* 229 Mich. 1.

This is in accord with the great weight of authority. 45 C. J. p. 1002; 1 Thompson on Negligence, § 313.

Judgment reversed and a new trial granted.

Wiest, Clark, and Sharpe, JJ., concurred with Potter, J.

Fead, J. (*concurring*). I concur with Mr. Justice Potter except in his ruling that the question of plaintiff's contributory negligence was for the jury.

Regardless of the general principles governing care required of children and the weight and conflict of authority as to the age at which a child may be charged with contributory negligence (45 C. J. p. 1002), it is settled law of this State that a child under 6 years of age cannot be so charged. *Johnson* v. *City of Bay City,* 164 Mich. 251 (Ann. Cas. 1912B, 866), where the child was 5 years, 4 months old; *Love* v. *Railroad Co.,* 170 Mich. 1, the child being 5 years and 5 months of age; *Beno* v. *Kloka,* 211 Mich. 116, where the child was 5 years and 11 months of age, 3 months older than plaintiff here, and his alleged negligence was similar to that charged against plaintiff.

Upon this point the opinion of Mr. Justice Potter cannot prevail without overruling these cases. The circuit court properly held, as a matter of law, that, because of her age, plaintiff was not guilty of contributory negligence.

North, C. J., and Fellows and McDonald, JJ., concurred with Fead, J.