DeCAMP *v.* FLECKENSTEIN

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS.
   An infant under seven years of age is incapable, as a matter of law, of contributory negligence.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS—INSTRUCTIONS TO JURY.
   Refusal to instruct the jury that they could not as a matter of law consider a minor's contributory negligence was proper

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  38 Am Jur, Negligence §§ 204–208, 294.
  42 Am Jur 2d, Infants § 142.
[3]  38 Am Jur, Negligence § 357.
[4]  42 Am Jur 2d, Infants §§ 142, 146.

where the minor's chronological age was eight years even though his mental age was contested and claimed to be five years and ten months.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS—MENTAL AGE—INSTRUCTIONS TO JURY.

A determination that the contributory negligence of an infant of the chronological age of 8 years with the mental age of five years and ten months was a question for the jury, not a question of law, was correct.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS—STANDARD OF CARE.

The contributory negligence of an eight-year-old minor whose claimed mental age was five years and ten months was to be determined by what a reasonably careful minor of like age, mental capacity, and experience would do or would not do under such circumstances.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 May 7, 1970, at Grand Rapids. (Docket Nos. 8,747, 8,748.) Decided June 26, 1970.

Complaints by Marilyn J. DeCamp, guardian of the estate of Kenneth Wayne DeCamp, a minor, and George DeCamp, Jr., against Louis E. Fleckenstein for damages for injuries in an automobile-pedestrian accident. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*James Sloan, Jr.* (*Randolph McCarthy,* of counsel), for plaintiffs.

*James & Dark,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and MUNRO,* JJ.

HOLBROOK, P. J. The plaintiff's minor ward, Kenneth Wayne DeCamp, an infant with a chrono-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

logical age of eight years, was struck by defendant's car when he rode his bicycle into the street. There was testimony introduced at the trial to the effect that the minor's mental age was five years and ten months at the time of the accident. The jury below found no cause of action, and the plaintiffs, after their motion for new trial was denied, appealed to this Court.

The sole question for our determination in this case is whether the rule that a minor of less than seven years of age cannot, as a matter of law, be guilty of contributory negligence, *Baker* v. *Alt* (1965), 374 Mich 492, required an instruction that the plaintiff child is presumed to be incapable of contributory negligence should the jury find his mental age to be less than seven years. The trial judge in denying the motion for new trial ruled that the question of the child's contributory negligence, under these facts, was for the jury's determination. That opinion stated in part:

"These cases were tried to a jury and there was a verdict of no cause of action. Error is claimed in the instructions of the court to the jury. Kenneth Wayne DeCamp was a minor over seven years of age at the time of the accident. There was proof that his mental age was under seven. The court instructed the jury in part as follows: 'As to the boy, a minor is not held to the same standard of conduct as an adult. When I use the words "ordinary care" with respect to the minor I mean that degree of care which a reasonably careful minor of the age, mental capacity, and experience of the minor would use under the circumstances which you find existed in this case. If is for you to decide what a reasonably careful minor of like age, mental capacity, and experience would do or would not do under such circumstances.' Counsel for the plaintiff argues that because the child's mental age was under seven years

he was entitled to an instruction to the jury that
the minor could not be guilty of contributory neg-
ligence. With this the court did not agree and does
not now agree.

"  *  *  *  When a child reaches the age of seven
years it is the opinion of this court that his conduct
becomes a question for the jury and that he is to
be held to the same standard of care as a child of like
age, mental capacity, and experience. The theory
of plaintiff's counsel would open a veritable Pan-
dora's Box in that, where the child's mental age is in
dispute, every jury would have to be instructed that
in spite of the chronological age being seven or more
if the jury found the mental age was under seven
then the child could not be guilty of contributory
negligence, *  *  * . The age of seven years refers
to chronological and this is a cutoff age which the
courts have recognized for many years and which
this court is not inclined to upset."

We now turn to *Baker* v. *Alt, supra,* for the
Court's ruling pertaining to the issue herein present-
ed, pp 497–499, 505:

"The third ground urged by appellant presents a
question to which meticulous attention must be given.
It involves a fundamental substantive rule of law.
Precedent is unclear. Our answer is of importance
to the jurisprudence of the State.

"Appellant submitted the following request to
charge:

" 'I charge you in this case that plaintiff, at the
time of the accident being a minor child *of six years
of age,* he cannot be charged with contributory neg-
ligence.'

The court refused the instruction. Appellant prop-
erly preserved the claim of error. The court ad-
vised counsel that he would allow the question to go
the jury under the authority of *Tyler* v. *Weed*
[1938], 285 Mich 460. If *Tyler* is to be understood
and applied precedentially, it must be read in the

light of its related antecedent written 9 years earlier. *Easton v. Medema* [1929], 246 Mich 130.

"In *Easton* there was a 4-to-4 split on the question of whether an infant 5 years and 8 months old could be chargeable with contributory negligence. Justice Potter wrote for the rule he attributed to *Daniels v. Clegg* [1873], 28 Mich 32, where the driver of a team of horses was a 20-year-old girl. It was urged by defendant that the minor-driver should have been held to the same degree of care that would have been required of her plaintiff-father. The Court rejected that rule and adopted, rather, the test of the degree of skill required by a person of her age and sex. In Justice Potter's opinion there follows immediately after a quote from *Clegg* an excerpt from *Washington & G. R. Co.* v. *Gladmon,* 15 Wall (82 US) 401 (21 L Ed 114). Its placement in the decision leads to the erroneous conclusion that it was included in *Clegg.* The excerpt reads in part:

" ' "Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child three years of age less caution would be required than one of seven." ' *Easton* v. *Medema, supra,* 136.

This quotation nowhere appears in *Clegg.* This citation and another from *Plantza* v. *Glasgow Corp.,* 1910 Session Cases 786, reading also in part:

" ' "I reject altogether the idea that a boy of five cannot be guilty of contributory negligence." ' *Easton* v. *Medema, supra,* 136, 137.

are the seedlings from which the 'no age' doctrine in our State seems at least to have sprung. Carried to its ultimate, it would necessarily result in the conclusion that a creeper or 3-year-old toddler would be held to that degree of care to be reasonably expected of a creeper or toddler of the same age and experience. For this proposed rule, there were 4 votes.

"Justice Fead, though concurring in the reversal and grant of a new trial, dissented as to the contributory negligence rule:

" 'I concur with Mr. Justice Potter *except in his
ruling that the question of plaintiff's contributory
negligence was for the jury.*

" 'Regardless of the general principles governing
care required of children and the weight and con-
flict of authority as to the age at which a child may
be charged with contributory negligence (45 CJ p
1002), it is settled law of this State that a child
under 6 years of age cannot be so charged. *Johnson*
v. *City of Bay City* [1910], 164 Mich 251 (Ann Cas
1912B, 866), where the child was 5 years, 4 months
old; *Love* v. *Detroit, J. & C. R. Co.* [1912], 170 Mich
1, the child being 5 years and 5 months of age; *Beno*
v. *Kloka* [1920], 211 Mich 116, where the child was
5 years and 11 months of age, 3 months older than
plaintiff here, and his alleged negligence was similar
to that charged against plaintiff.

" 'Upon this point the opinion of Mr. Justice Pot-
ter cannot prevail without overruling these cases.
The circuit court properly held, as a matter of law,
that, because of her age, plaintiff was not guilty
of contributory negligence.' (Emphasis supplied.)
*Easton* v. *Medema, supra,* 138.

                    *    *    *

"We hereby determine that the rule in Michigan
was and is, as stated by Justice McAllister in the
following language:

" 'In our determination of this case we follow the
common-law rule announced by the numerous au-
thorities, entitled to eminent respect, which hold that
an infant under seven years of age is incapable of
contributory negligence.' *Tyler* v. *Weed, supra,* p
488."

We are of the opinion that the trial judge's deci-
sion is correct. We are not persuaded that the cases
cited by plaintiffs, *Henderson* v. *Detroit Citizens'
Street-Railway Co.* (1898), 116 Mich 368; *Trudell* v.
*Grand Trunk Railway Co.* (1901), 126 Mich 73; and
*Harris* v. *Crawley* (1912), 170 Mich 381, for their

contention that the age of seven refers to mental and not chronological age actually support that position. In *Henderson* and *Trudell* our Supreme Court ruled that the judge should have directed a verdict for the defendant because the infants involved, ages eight and seven years four months, had sufficient intelligence to appreciate the danger involved and therefore were guilty of contributory negligence as a matter of law. In *Harris,* involving a 13-year-old girl who fell off a merry-go-round, the Court upheld a jury verdict for the plaintiff where the question of contributory negligence was submitted to the jury under essentially the same charge as given in the case at bar. None of these cases support the instant plaintiffs' contention that if the age of the minor in years is seven or more, but the mental age is under seven, contributory negligence cannot be considered but instead they indicate that the question is one of fact to be submitted to the jury. Accordingly, the trial judge did not err in refusing to instruct the jury that they could not consider plaintiff minor's contributory negligence as a matter of law but instead was correct in deciding that it was a jury question which they would determine based on what a "reasonably careful minor of like age, mental capacity, and experience would do or would not do under such circumstances."

Affirmed. Costs to defendant.

All concurred.